### WILCOX v. CITY & COUNTY CONTRACT CO.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

TAXATION—ASSESSMENT—STATUTORY PROVISIONS.

Mt. Vernon City Charter, § 135, provides that, when a tax is levied by the common council, it shall cause the gross sum so levied to be apportioned and extended opposite the several valuations of property appearing in the assessment rolls, etc., and after the apportionment shall be confirmed by the common council the taxes shall be a first lien on the property levied against. The charter requires the assessors to make a separate assessment roll for each ward. The assessors first prepared an assessment roll contained in a single volume for the whole city, in which they entered the description and valuation of personal property and the several parcels of land, but did not make any extension or apportionment of the gross tax levied, and this roll was later confirmed by the common council. Subsequently by resolution the council directed the assessors to apportion and extend the gross sum levied by the council opposite the several valuations of property, and the assessors copied from the volume the assessment of each ward, one ward to a book, and extended and apportioned the gross tax opposite the description and valuation of the property. The individual ward books were not loose sheets, but properly bound books, and were kept, together with the original book, in the same office, available to any one who wished to examine them. Held, that the setting down of the extended and apportioned tax as against each separate parcel of land in the five individual ward books, instead of in the book first made, was a substantial compliance with the law, and the taxes were valid liens upon the property levied against.

Submission of controversy between Franklin A. Wilcox and the City & County Contract Company, under Code Civ. Proc. §§ 1279, 1280. Judgment for defendant.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

F. H. Van Vechten, for plaintiff.
Ralph Polk Buell, for defendant.

RICH, J. The plaintiff, by a full-covenant warranty deed, containing a covenant that at the time of delivery the premises therein described were free and clear from incumbrances, conveyed real property in the city of Mt. Vernon to the defendant. At the time of the delivery of such deed certain books, called "tax rolls" of said city, contained entries claimed to be of unpaid taxes levied against the property conveyed in the years 1899 to 1905, both inclusive, aggregat-

ing the sum of $1,539.31, and the plaintiff deposited an amount equal to this sum with a trust company, to be held until such time as it was determined whether they constituted a lien upon the property; if determined valid such deposit to be applied to their payment, and if void to be returned to plaintiff. The question submitted is whether the purported taxes are a lien upon the property conveyed.

It is unnecessary to consider the provisions of the charter of the city of Mt. Vernon regulating the method of levying taxes upon the real property within its corporate limits, other than those relating to the manner of apportioning and extending the gross tax levied upon the several parcels appearing in the assessment rolls, for upon the determination of the question of whether the requirements of the charter were complied with the contention of the parties rests. It is not contended that the assessors omitted any procedure necessary to make a valid assessment, or that the common council committed any error, until it reached the point where an apportionment and extension of the gross tax, levied "opposite the several valuations of real and personal property appearing in the assessment rolls" was required to be made. As to such procedure section 135 of the charter provides:

"Whenever any tax shall have been levied by the common council it shall cause to be apportioned and extended the gross sum so levied, opposite the several valuations of real and personal property appearing in the assessment rolls, etc., in conformity, as near as practicable, with the provisions of law in respect to the apportionment and extending of taxes by boards of supervisors; and when such apportionment shall be completed, it shall confirm the same; and the day, hour and minute of such, confirmation shall be entered by the city clerk in the minutes of the common council, and from the moment of such confirmation the taxes so embraced in such rolls, as apportioned, shall be the first lien upon the property, respectively, against which the same is therein levied."

The charter required the assessors to make a separate assessment roll for each ward. It appears that in the years in which the taxes were levied the assessors first prepared an assessment roll, contained in a single volume or book, for the whole city, in which they entered the several parcels of land with their value, and verified the same by their oaths, which was later confirmed by the common council, which ordered a certified copy delivered to a supervisor of the city, to be presented to the board of supervisors of the county. Later a resolution was duly adopted directing the assessors to apportion and extend the gross sum levied by the council upon the taxable property of the city of Mt. Vernon, upon the assessment rolls of that year, opposite the several valuations of real and personal property appearing, in accordance with the requirements of the charter. Thereupon the assessors copied from the volume in which they had prepared the original assessment roll, into five separate books, known and designated as "the tax roll of the city of Mt. Vernon," the assessment of each ward—one ward to a book—in each of which individual ward books, opposite the description and valuation of the real and personal property in that ward, they extended and apportioned, in separate columns, the gross tax levied by the common council. They did not at any time make any extension or apportionment of the gross tax levied in the book containing the assessed valuation of all property in the city first prepared.

Subsequently the common council adopted a resolution in which it was resolved that the tax rolls for the year—

"as heretofore levied by resolution of this common council, and extended by the city assessors under like resolution, be and the same are hereby in all respects approved and confirmed, and the city clerk is hereby directed to deliver said rolls to the receiver of taxes and assessments, with a warrant annexed thereto signed by the mayor and directed to the said receiver commanding him to collect the taxes therein named as required by section 135 of chapter 182 of the Laws of 1892."

This resolution was approved by the mayor, and the warrant signed, and pasted inside the cover of each of the five books referred to.

It is apparent that the common council, at the inception of the proceedings, had before it a verified assessment roll, properly made out, containing the several matters required by law. It therefore had jurisdiction. It caused the gross tax it had levied to be extended and apportioned opposite the several valuations. There is no claim that the several parcels of land, and their assessed valuation, appearing in the general book, were not correctly copied into the individual ward books, or that the gross tax was not correctly apportioned and extended in those books against the several parcels, or that any of the amounts entered were wrong, or wrongly extended or apportioned. The error relied upon is limited to the setting down of the extended and apportioned tax, as against each separate parcel of land, in the five individual ward books, instead of in the book first made, containing the assessment value of all land in the city; in other words, an assessment roll of all property in the city was written in a single book, and subsequently separated, divided into wards, and correctly copied into five books, each of which was confined to the property in a ward, and opposite the descriptions and assessed values in the individual books the extended and apportioned tax, as against each parcel assessed and therein appearing, was set down.

No question is raised but that the action of the board of assessors and common council was taken by full boards at the times required by law, so that no jurisdictional question confronts us. The entire contention is based upon the results flowing from the extending and setting down of the apportioned taxes in the individual books containing the copied description of property and its assessed value in each ward, instead of in the book first prepared, containing the description and assessed value of all property in the city, which it is contended rendered the tax levy void. The individual ward books were not loose sheets, but properly bound books, and the first or original book, containing the description and assessed value of all property in the city, and the individual ward books, containing correctly copied descriptions and assessed values of the property in each ward, respectively, with the gross tax extended and apportioned therein, were kept together in the same office, available to any one who wished to examine them. They presented together a complete and perfect record, meeting all the requirements of the statute. I think there was a substantial compliance with the law, and that the taxes are a valid lien upon the property conveyed, and constitute a breach of the covenant contained in the deed against incumbrances.

It is proper to observe that this same conclusion was reached by Mr. Justice Jaycox at Special Term in 1906, upon an application made by plaintiff for a writ of mandamus to compel the cancellation of certain records of tax arrears, including the taxes in question, whose order denying such application was affirmed without opinion by this court.

Judgment is directed for the defendant, adjudicating said taxes to be a lien upon the property conveyed, and that the deposit made by the plaintiff at the time of the conveyance be applied to the payment and discharge of the same, but, as the parties have so stipulated, without costs.

Judgment for defendant on submission of controversy, in accordance with opinion of RICH, J., without costs. All concur.